**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHU XIONG DONG,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-74954

Agency No. A095-448-360

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Shu Xiong Dong, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the BIA's denial of a motion to reopen. *Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Dong's motion to reopen as untimely because it was filed more than 90 days after the entry of the agency's final administrative order and Dong failed to show changed circumstances in China in order to qualify for the regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii); *Lin*, 588 F.3d at 988-89 (record did not show material change in enforcement of family planning laws sufficient to establish changed country conditions and excuse an untimely motion to reopen); *He v. Gonzales*, 501 F.3d 1128, 1132 (9th Cir. 2007) (a change in personal circumstances does not establish changed country conditions).

We decline to address Dong's contention that he suffered past persecution in China because it was not addressed by the BIA and Dong does not argue that the BIA erred. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (review is limited to actual grounds relied upon by the BIA).

We lack jurisdiction to review Dong's claims regarding humanitarian relief and extreme hardship because he failed to exhaust these claims before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**